**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREGORY M. WYATT, | : | |
| Petitioner | : | |
| | : | No. 1:20-cv-00576 |
| v. | : | |
| | : | (Judge Kane) |
| SUPERINTENDENT OF | : | |
| SCI MAHANOY, | : | |
| Respondent | : | |

## <u>MEMORANDUM</u>

<u>Pro se</u> petitioner Gregory M. Wyatt ("Petitioner"), who is currently incarcerated at State

Correctional Institution Mahanoy in Frackville, Pennsylvania, has petitioned the Court for a writ

of habeas corpus pursuant to the provisions of 28 U.S.C. § 2254 ("Section 2254").  (Doc. No. 1.)

He challenges his state court conviction and sentence, which were imposed by the Court of

Common Pleas of Dauphin County, Pennsylvania in June of 2014.  Pursuant to Rule 4 of the

Rules Governing Section 2254 Cases, the Court has given his petition preliminary consideration.

<u>See</u> 28 U.S.C. § 2254 Rule 4.  For the reasons set forth below, the Court will dismiss his Section

2254 petition as untimely.

## I.      BACKGROUND

On March 31, 2020,[1] Petitioner filed his Section 2254 petition in this Court.  (Doc. No.

1.)  Petitioner raised one claim for relief—that trial counsel rendered ineffective assistance by

failing to investigate and present testimony from witnesses who would have proven his

innocence.  (<u>Id.</u> at 5.)  Petitioner also acknowledged, however, that his petition was untimely

---

[1]  The petition is dated March 31, 2020.  (Doc. No. 1 at 14.)  Although the Court did not receive the petition until April 6, 2020, the petition is deemed filed on March 31, 2020, pursuant to the prisoner mailbox rule.  <u>See</u> Pabon v. Mahanoy, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (stating that "[t]he federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing" (citation omitted)).

filed pursuant to the applicable statute of limitations.  (Id. at 13.)  Nevertheless, Petitioner

asserted that his claim of actual innocence overcomes the untimeliness of his petition.  (Id.)[2]

      In addition to his petition, Petitioner also filed a motion to temporarily stay the

proceedings.  (Doc. No. 2.)  In his motion to stay, Petitioner asserted that he had filed a third Post

Conviction Relief Act ("PCRA") petition raising his actual innocence claim, and he argued that

he "[would] not be able to properly litigate his [habeas petition] until [the PCRA] court rule[d]

on [his] PCRA [p]etition."  (Id. at 1.)  A review of Petitioner's state court proceedings indicated

that he had in fact filed a third PCRA petition on April 3, 2020.  See Commonwealth v. Wyatt,

CP-22-CR-0003361-2013 (Dauphin Cnty. Ct. Com. Pl. filed July 16, 2013).

      Thus, given Petitioner's representation that he was pursuing a PCRA petition based upon

actual innocence, the disposition of which could affect the Court's analysis of whether his

Section 2254 petition was timely filed, the Court concluded that it was appropriate to stay the

above-captioned matter in accordance with the stay and abeyance rule announced in Crews v.

Horn, 360 F.3d 146 (3d Cir. 2004).  (Doc. No. 5.)  Accordingly, on April 8, 2020, the Court

issued an Order staying the above-captioned proceedings and directing Petitioner to file, within

sixty (60) days of the date on which his PCRA proceedings concluded, a notice informing the

Court of the completion date of those proceedings and whether he intended to pursue his Section

2254 petition.  (Id.)  In that Order, the Court directed the Clerk of Court to administratively close

the above-captioned matter.  (Id.)

---

[2]  The United States Supreme Court has held that a potential "miscarriage of justice" may excuse
an untimely Section 2254 petition only where "new evidence shows it is more likely than not that
no reasonable juror would have convicted [the petitioner]."  See McQuiggin v. Perkins, 569 U.S.
383, 394-95 (2013) (citation and internal quotation marks omitted) (alterations in original).

On December 27, 2021, Petitioner filed a motion alleging that his PCRA proceedings had concluded.  (Doc. No. 7 at 1 (alleging that he "appealed the lower [c]ourt's decision" on his third PCRA petition and that, on November 12, 2021, he received the Supreme Court of Pennsylvania's decision, which denied his petition for allowance of appeal).)  In his motion, Petitioner sought a ninety (90)-day extension of time to file an amended petition.  (Id.)  On March 8, 2022, the Court reopened the above-captioned matter and granted Petitioner's request for additional time to file an amended petition.  (Doc. No. 8.)  Petitioner filed his amended petition and exhibits in support thereof on July 28, 2022.  (Doc. No. 9.)

In his amended petition, Petitioner again asserts that his trial counsel was ineffective for failing to investigate and present testimony from witnesses who would have proven his innocence.  (Doc. Nos. 9, 9-1.)  He also challenges for the first time trial counsel's failure to contest the underlying arrest warrant (id. at 4-6) and criminal complaint (id. at 8-9).  On August 31, 2022, the Court gave the amended petition preliminary consideration, and, because it appeared that the amended petition was barred by the applicable statute of limitations, it directed Petitioner to show cause within twenty-one (21) days as to why the amended petition should not be dismissed as untimely.  (Doc. No. 10.)  On September 29, 2022, Petitioner filed his response to the Court's show cause order.  (Doc. No. 11.)

The Court has carefully reviewed Petitioner's Section 2254 petition, his amended Section 2254 petition, and his various exhibits, as well as his response to the Court's show cause order.  For the reasons set forth below, the Court finds that his Section 2254 petition was untimely filed and, thus, it will be dismissed.

## II.      LEGAL STANDARD

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.  Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  See 28 U.S.C. § 2254 Rule 4.

Petitions for writs of habeas corpus brought pursuant to Section 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1).

However, this one-year limitations period is subject to tolling.  More specifically, this period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court.  See id. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").  This period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by the petitioner.  See Pace v.

DiGuglielmo, 544 U.S. 408, 418 (2005) (regarding equitable tolling); McQuiggin v. Perkins, 569 U.S. 383, 386 (2013) (regarding actual innocence).

## III.   DISCUSSION

As stated above, Petitioner has filed a petition and an amended petition pursuant to Section 2254 challenging his state court conviction and sentence arising out of the Court of Common Pleas of Dauphin County, Pennsylvania.  (Doc. Nos. 1, 9.)  In support, Petitioner cites to the docket number of his criminal case—i.e., CP-22-CR-0003361-2013.  (Doc. No. 1 at 1 ¶ 1(b); Doc. No. 9 at 1 ¶ 1(b).)  The Court takes judicial notice of the state court's docket sheets in Petitioner's criminal case, which are available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/CaseSearch.  See Commonwealth v. Wyatt, No. CP-22-CR-0003361-2013 (Dauphin Cnty. Ct. Com. Pl., filed July 16, 2013).

Those docket sheets reflect that, on June 2, 2014, Petitioner entered a guilty plea to third-degree murder, robbery, possession of a firearm by a prohibited person, and carrying a firearm without a license.  See id.; see also (Doc. No. 9 at 1 ¶¶ 2, 5).  Those docket sheets further reflect that, on that same day, Petitioner was sentenced to an aggregate term of twenty-five (25) to thirty (30) years' incarceration.  See Commonwealth v. Wyatt, No. CP-22-CR-0003361-2013 (Dauphin Cnty. Ct. Com. Pl., filed July 16, 2013); see also (Doc. No. 9 at 1 ¶ 3).

Under Pennsylvania law, a defendant, who has been convicted and sentenced of a crime, such as Petitioner, has thirty (30) days in which to file a direct appeal, starting from the latter of (a) the date of sentencing, see Pa. R. Crim. P. 720(A)(3)), or (b) the date of an order deciding a timely post-sentence motion or acknowledging the defendant's withdrawal of such a timely post-sentence motion, see Pa. R. Crim. P. 720(A)(2).  The defendant's judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United

States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."  See 42 Pa. C.S.A. § 9545(b)(3).

Here, Petitioner alleges that, after he was sentenced on June 2, 2014, he filed a post-sentence motion to withdraw his guilty plea.  (Doc. No. 9-1 at 1.)  Petitioner also alleges, however, that he withdrew that motion on July 11, 2014, and that he did not subsequently file a direct appeal.  (Id.)  Thus, the time for Petitioner to pursue a direct appeal expired thirty (30) days after he withdrew his post-sentence motion, i.e., on August 11, 2014, at which time Petitioner's state court criminal judgment became final.  (Doc. No. 9-1 at 1 (acknowledging that his judgment of sentence became final on August 11, 2014); see also Pa. R. Crim. P. 720(A)(2); 42 Pa. C.S.A. § 9545(b)(3).

Consequently, the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1) commenced running as of that date, and Petitioner had one year, or until August 11, 2015, to file his Section 2254 petition in this Court.  As reflected by the docket, however, Petitioner did not file his Section 2254 petition until March 31, 2020, well over four (4) years after the one-year statute of limitations had already expired.  Consequently, the Court finds that his petition is untimely.  However, the Court's analysis does not end there.  The Court must next determine whether Petitioner is entitled to any statutory or equitable tolling, or relief under the actual innocence exception.  For the reasons discussed below, the Court finds that Petitioner is not entitled to such tolling or any relief under the actual innocence exception.

A.      **Statutory Tolling**

With respect to statutory tolling, the Court observes that, under 28 U.S.C. § 2244(d)(2), the one-year limitations period is tolled with respect to "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending[.]"  See 28 U.S.C. § 2244(d)(2).  Here, Petitioner alleges that he filed three (3), separate PCRA petitions.  (Doc. No. 9 at 3, 4, 7; Doc. No. 9-1 at 1-2.)  He alleges that he filed his first petition on May 26, 2015[3] (Doc. No. 9 at 3 ¶ 11), his second petition on September 8, 2017 (id. at 4 ¶ 11(b)), and his third petition on April 3, 2020 (id. at 7 ¶ (d)).  The Court addresses each of these petitions in turn below.

With respect to Petitioner's first PCRA petition, the trial court appointed counsel to represent Petitioner and, on July 21, 2015, Petitioner's PCRA counsel submitted a Turner/Finley[4] letter.  (Doc. No. 9 at 3 ¶ 11(a)(5)); Commonwealth v. Wyatt, No. 1982 MDA 2015, 2016 WL 6199542, at *1 (Pa. Super. 24, 2016).  Thus, on September 4, 2015, the trial court issued a notice of its intent to dismiss the PCRA petition and to permit Petitioner's PCRA counsel to withdraw his representation pursuant to Pennsylvania Rule of Criminal Procedure 907(1).  See id.  Petitioner did not file a response to the Court's Rule 907 notice.  See id. Instead, Petitioner filed a motion seeking the appointment of new counsel, which the trial court

---

[3] Petitioner filed first PCRA petition on June 1, 2015, not May 26, 2015.  See Commonwealth v. Wyatt, CP-22-CR-0003361-2013 (Dauphin Cnty. Ct. Com. Pl. filed July 16, 2013).

[4] See Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988).  A Turner/Finley letter is "a 'no-merit' letter . . . detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw."  See Com. v. Muzzy, 141 A.3d 509, 510-11 (Pa. Super. 2016) (citations omitted).

ultimately denied.  See id.  Thus, on October 13, 2015, the trial court dismissed Petitioner's

PCRA petition.  See id.  Although Petitioner timely appealed, the Pennsylvania Superior Court

affirmed the trial court's decision on October 24, 2016.  See id.  Petitioner did not file a petition

for allowance of appeal to the Pennsylvania Supreme Court.  See Commonwealth v. Wyatt, CP-

22-CR-0003361-2013 (Dauphin Cnty. Ct. Com. Pl. filed July 16, 2013).

      As set forth above, the applicable statute of limitations period set forth in 28 U.S.C. §

2244(d) began to run on August 11, 2014, and was set to expire three-hundred and sixty-five

(365) days later on August 11, 2015.  Thus, when Petitioner filed his first PCRA petition on June

1, 2015, two-hundred and ninety-four (294) days of the limitations period had run (i.e., counting

from August 11, 2014, until June 1, 2015).  However, once Petitioner filed his first PCRA

petition on June 1, 2015, he tolled the limitations period, which remained tolled until November

23, 2016, when the time period for filing a petition for allowance of appeal to the Pennsylvania

Supreme Court had expired (i.e., counting thirty (30) days from October 24, 2016, when the

Pennsylvania Superior Court affirmed the trial court's dismissal of Petitioner's first PCRA

petition).  See PA. R.A.P. 1113 (providing that a petition for allowance of appeal to the

Pennsylvania Supreme Court shall be filed within thirty (30) days after the entry of the

Pennsylvania Superior Court's order).  Thus, the limitations period began to run again on

November 24, 2016, and continued to run for another seventy-one (71) days, or until February 3,

2017, when the applicable one-year limitations period expired.

      Although Petitioner filed two more PCRA petitions—one on September 8, 2017, and the

other on April 3, 2020—neither one of those petitions was filed before February 3, 2017, the date

on which the limitations period expired.  See Commonwealth v. Wyatt, No. CP-22-CR-0003361-

2013 (Dauphin Cnty. Ct. Com. Pl., filed July 16, 2013).  Thus, neither one of those petitions

tolled the applicable statute of limitations period because, quite simply, there was no time left to toll.

Additionally, both of these PCRA petitions were dismissed as untimely by the Pennsylvania courts.  See Commonwealth v. Wyatt, No. 458 MDA 2019, 2020 WL 201708, at *1-2 (Pa. Super. Jan. 13, 2020) ("Wyatt II") (affirming trial court's dismissal of Petitioner's second PCRA petition as untimely); Commonwealth v. Wyatt, No. 870 MDA 2020, 251 A.3d 1209, *2-3 (Pa. Super. Mar. 2, 2021), appeal denied, 266 A.3d 442 (Pa. 2021) (affirming trial court's dismissal of Petitioner's third PCRA petition as untimely).  As explained by the United States Supreme Court, an untimely PCRA petition is not considered "properly filed" and, thus, does not toll the one-year statute of limitations period set forth in 28 U.S.C. § 2244(d)(1).  See Pace, 544 U.S. at 417 (holding that "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"); Merritt v. Blaine, 326 F.3d 157, 167-68 (3d Cir. 2003) (holding that the petitioner's PCRA petition was not "properly filed" for purposes of AEDPA because the Pennsylvania Superior Court had rejected the petitioner's contention that the petition was timely filed).

Accordingly, for all of these reasons, the Court concludes that neither Petitioner's second nor third PCRA petitions tolled the applicable statute of limitations period.  See id. § 2244(d)(2) (providing that "[t]he time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection") (emphasis added).  As a result, statutory tolling does not overcome the untimeliness of Petitioner's Section 2254 petition. Accordingly, the Court turns to the question of whether the one-year limitations period is subject

to equitable tolling or whether Petitioner is entitled to relief under the actual innocence exception.

### B.    Equitable Tolling

"Equitable tolling is available 'only when the principle of equity would make the rigid application of a limitation period unfair.'" <u>Satterfield v. Johnson</u>, 434 F.3d 185, 195 (3d Cir. 2006) (quoting <u>Merritt</u>, 326 F.3d at 168).  For that reason, "[a] petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstance stood in his way.'" <u>See</u> <u>id.</u> (quoting <u>Pace</u>, 544 U.S. at 418). Equitable tolling may be appropriate if: (1) the petitioner has been "actively misled[;]" (2) the petitioner "has in some extraordinary way been prevented from asserting his rights;" or (3) the petitioner "has timely asserted his rights mistakenly in the wrong forum." <u>See</u> <u>id.</u> (quoting <u>Fahy v. Horn</u>, 240 F.3d 239, 244 (3d Cir. 2001)).

The Court, having carefully reviewed this matter, ultimately finds that Petitioner has not met his burden to demonstrate that equitable tolling is warranted here.  In relevant part, Petitioner's amended Section 2254 petition contends that he did not receive effective assistance of trial counsel based upon his trial counsel's failure to: (1) investigate and present testimony from a witness by the name of Anthony Hodge; and (2) challenge the underlying arrest warrant and criminal complaint.  (Doc. No. 9-1.)  In both his amended Section 2554 petition and his response to the Court's August 31, 2022 show cause Order, Petitioner seemingly asserts that he is entitled to equitable tolling for reasons related to both of these grounds.  For the sake of clarity, the Court addresses these grounds separately below.

10

1.     **Anthony Hodge**

Petitioner appears to assert that he is entitled to equitable tolling based upon the "'newly discovered fact' of an eyewitness by the name of Anthony Hodge [("Hodge")] who allegedly witnessed the crime[.]"  (Doc. No. 11 at 2.)  In support of this assertion, Petitioner alleges that around July or August of 2017, while he was incarcerated at State Correctional Institution Smithfield ("SCI Smithfield"), he was in the exercise yard when he was approached by Hodge.  (Doc. No. 9-1 at 5.)  Petitioner alleges that the two of them had a conversation concerning Petitioner's underlying criminal case.  (Id.)  Petitioner further alleges that, even though Hodge "did not want to get involved" with Petitioner's criminal case, after he discovered that Petitioner had been convicted of the victim's death, "[Hodge felt that] he must inform the court of [Petitioner's] innocents [sic]."  (Id.)  Petitioner references an "affidavit of [Hodge]" and asserts that "it is clear" from this affidavit that the District Attorney's Office and the police department knew of Hodge and his testimony.  (Id. at 6.)

Even though Petitioner filed numerous exhibits in support of his amended petition (Doc. Nos. 9-2 through 9-7) and in response to the Court's August 31, 2022 show cause Order (Doc. No. 11 at 14-18), he did not file this affidavit with the Court and he has not asserted that the affidavit is otherwise unavailable.  Additionally, Petitioner has not offered any other factual or evidentiary basis to support his contention regarding the alleged conversation that he had with Hodge at SCI Smithfield in 2017.  The Court observes that Petitioner was provided with an opportunity to show cause why his petition should not be dismissed as untimely and, despite that opportunity, he did not show such cause.

In addition, and more significantly, even though Petitioner alleges that Hodge's identity existed in the "District Attorney's file[,]" which was provided to his trial counsel (Doc. No. 9-1

at 7), Petitioner has not asserted that he could not, with the exercise of due diligence, have obtained this file, or ascertained the identity of Hodge, any sooner than 2017. In fact, Petitioner's own allegations seem to suggest that Hodge would have been "reluctant to testify" and that he was a "hostile witness" who "may have presented added difficulties to [Petitioner's] case[.]" (Id. at 7-8.)

Finally, the Court observes that the Pennsylvania Superior Court squarely addressed this claim of newly discovered evidence in its January 13, 2020 Opinion affirming the trial court's dismissal of Petitioner's second PCRA petition, as follows:

> Here, Appellant asserts that he is entitled to relief based on newly discovered evidence—an affidavit from Anthony Hodge dated August 25, 2017, which states that on May 27, 2013, he witnessed an unidentified black male point a gun and fire shots at Appellant and the victim[.] Appellant explains that he was previously unable to procure this information from Mr. Hodge because Mr. Hodge had refused to cooperate with the investigators[.] He states that it was only when Appellant and Hodge were living in the same prison that he was able to obtain this affidavit[.] He also asserts that he filed his PCRA petition within 60 days of receiving this information from Mr. Hodge[.]
>
> This claim does not meet the newly discovered facts exception. Mr. Hodge's affidavit indicates that "[o]nce he was away from the area and felt safe," Mr. Hodge informed "Josh Salisbury" of the events he witnessed[.] Appellant has not explained why he was unable to contact Mr. Hodge himself prior to September 2017, or obtain the newly discovered evidence from Mr. Salisbury. Thus, Appellant has failed to plead and prove that he could not have ascertained this information by the exercise of due diligence.

See Wyatt II, 2020 WL 201708, at *2 (internal citations and footnotes omitted). Thus, the rationale in the Superior Court's decision also supports this Court's finding that Petitioner has not shown that he could not, with the exercise of due diligence, have gathered this information any sooner than 2017.

Accordingly, for all of these reasons, the Court concludes that Petitioner has not shown that he diligently pursued his rights or that some extraordinary circumstance stood in his way.

Consequently, the Court concludes that Petitioner has not met his burden to show that he is entitled to equitable tolling with respect to trial counsel's alleged ineffectiveness for failing to interview and present the testimony of Hodge.

### 2.      Arrest Warrant and Criminal Complaint

Petitioner also appears to assert that he is entitled to equitable tolling based upon the fact that he did not obtain copies and, thus, discover the fraudulence of his underlying arrest warrant and criminal complaint "until six (6) years later on November 5, 2019." (Doc. No. 11 at 3.)  In essence, Petitioner alleges that Christopher Krokos, a detective of the Harrisburg City Police Department, fabricated Petitioner's underlying arrest warrant and criminal complaint by forging the signature of the Dauphin County District Attorney, all in order to obtain Petitioner's conviction and close the case. (Doc. No. 9-1 at 9.)

The Court finds Petitioner's assertions unavailing.  Petitioner has not alleged, much less demonstrated, that he could not, with the exercise of due diligence, have obtained copies of these documents any earlier than 2019 or that some extraordinary circumstance prevented him from doing so.  Thus, "[u]nder long-established principles, [P]etitioner's lack of diligence precludes equity's operation." See Pace, 544 U.S. at 419. Consequently, the Court concludes that Petitioner has not met his burden to show that he is entitled to equitable tolling with respect to trial counsel's alleged ineffectiveness for failing to challenge Petitioner's underlying arrest warrant and criminal complaint.

13

C.      **Actual Innocence**

Because the Court has determined that Petitioner is not entitled to statutory or equitable tolling of the statute of limitations, the Court turns to whether the actual innocence exception allows Petitioner to overcome the time-bar to his Section 2254 petition.  The Court begins with the basic legal tenet that the actual innocence exception "applies to a severely defined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"  See McQuiggin, 569 U.S. at 394-95 (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).  Thus, relief under this exception is exceedingly rare, see id. at 386, and the standard for establishing actual innocence is an exacting one.  See id. at 401.

The standard demands "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  See Schlup, 513 U.S. at 324.  Accordingly, a habeas corpus petitioner, such as Petitioner, has not met this standard "'unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'"  See McQuiggin, 569 U.S. at 386 (quoting Schlup, 513 U.S. at 329).  "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  Schlup, 513 U.S. at 324; Sistrunk v. Rozum, 674 F.3d 181, 192 (3d Cir. 2012) (explaining that "Schlup sets a supremely high bar").

In essence, "[p]roving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3) so probative of innocence that no reasonable juror would have convicted the petitioner."  See id. at 191 (citations omitted).  All three of these factors are necessary for a habeas corpus petitioner to be entitled to relief under the actual innocence exception.  See id.  Thus, if proven, this exception "serves as a gateway through

14

which a petitioner may pass" even though the statute of limitations has expired.  See

McQuiggen, 569 U.S. at 386.

Here, even though Petitioner claims that he is innocent, he has not pointed to any new,

reliable evidence that clearly establishes his innocence.  The only evidence Petitioner has

submitted to the Court, by way of his amended Section 2254 petition and response to the Court's

August 31, 2022 show cause Order, concerns alleged improprieties in his arrest warrant and

criminal complaint–i.e., that a detective of the Harrisburg City Police Department fabricated

Petitioner's underlying arrest warrant and a criminal complaint by forging the signature of the

Dauphin County District Attorney in order to obtain Petitioner's conviction and close the case.

In this regard, Petitioner has submitted various documents to the Court, which he contends

support this claim.  (Doc. No. 11 at 4-18 (containing his affidavit of probable cause, arrest

warrant, and criminal complaint).)

Even if the Court were to assume, arguendo, that these documents suffered from such

improprieties, the Court would still conclude that neither Petitioner's arrest warrant nor his

criminal complaint establishes that he is actually innocent of the criminal charges that the

Commonwealth had brought against him.  Indeed, "actual innocence requires a showing of

factual innocence, not mere legal insufficiency."  See Sweger v. Chensey, 294 F.3d 506, 523 (3d

Cir. 2002); Bousley v. United States, 523 U.S. 614, 623 (1998) (stating that "[i]t is important to

note . . . that 'actual innocence' means factual innocence, not mere legal insufficiency").  And

here, Petitioner's evidence, which is not "new evidence," does not assert factual innocence;

rather, it asserts alleged legal insufficiencies.  See Saunders v. Asure, No. 13-cv-03056, 2015

WL 3737166, at *3 n.2 (M.D. Pa. June 15, 2015) (noting that the Section 2254 petitioner's

claims concerning his criminal complaint were based on legal insufficiency and not factual innocence and, thus, the actual innocence exception did not apply).

Accordingly, in order for Petitioner to demonstrate that tolling of the limitations period was justified based on his actual innocence, he was required to establish, as a factual matter, that he did not commit the crimes for which he pleaded guilty and was convicted. Because Petitioner's arrest warrant and criminal complaint do not make this threshold showing, the Court concludes that Petitioner has not shown that he is entitled to relief under the actual innocence exception.[5]

## IV.   CONCLUSION

For all of the foregoing reasons, the Court will dismiss the instant petition pursuant to Rule 4 Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254. In addition, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling"). An appropriate Order follows.

---

[5] As discussed above, Petitioner has neither submitted Hodge's affidavit to the Court nor expressed that he was unable to do so. Petitioner has also failed to explain how, exactly, this affidavit would demonstrate that its more likely than not that no juror, acting reasonably, would have found Petitioner guilty beyond a reasonable doubt. As stated above, Petitioner's own allegations seem to suggest that Hodge was "reluctant to testify" and that he was a "hostile witness" who "may have presented added difficulties to [Petitioner's] case[.]" (Doc. No. 9-1 at 7-8.) Accordingly, any claim of actual innocence based upon the purported testimony of Hodge necessarily fails. See Schlup, 513 U.S. at 327 (explaining that, in order for a petitioner to establish his actual innocence, he must produce "new evidence" which demonstrates "that it is more likely than not that no reasonable juror would have convicted him in light of" this "new evidence").